IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:04CR512 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| MICHAEL A. ROMERO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant's objection, Filing No. 27, to the report and recommendation of the United States Magistrate Judge ("magistrate"), Filing No. 22. The magistrate recommended that defendant's motion to suppress evidence, Filing No. 14, be denied.  Under 28 U.S.C. § 636(b)(1)(C), the court makes a de novo determination of those portions of the report or recommendations to which the parties object.  Accordingly, the court has reviewed the record, briefs and evidence in connection with the defendant's motion, the transcript of the hearing on the motion to suppress, and the relevant case law. The court concludes that the defendant's objections should be overruled and that the report and recommendation of the magistrate should be adopted.

The defendant is charged in a two-count indictment with possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1), and with forfeiture of $400.00 in violation of 21 U.S.C. § 853.  Defendant filed a motion to suppress, and the magistrate conducted a hearing and issued a ruling that is set forth in the transcript.  Filing No. 19.  The magistrate denied the motion to suppress, and the defendant has filed objections to the report and recommendation of the magistrate.

The defendant objects on the following grounds:  (1) that no probable cause existed for issuance of the warrant; (2) that the *Leon* good faith exception would not permit the evidence to be admitted; (3) that issuance of a no-knock warrant was improper; (4) that law enforcement could not rely in good faith on the no-knock warrant; (5) that the defendant did not receive proper *Miranda* rights;  (6) that the statements made by the defendant were not voluntary; and (7) that the defendant did not understand the questions posed by the officers.  The court finds these objections to be without merit.

**FACTS**

The magistrate summarizes the facts in his oral report and recommendation.  Filing No. 19, pp. 51-54.  The court agrees with the magistrate's findings of fact and as a result will only briefly summarize the relevant facts in this opinion.   The Omaha Police Department received information from a confidential informant that defendant was engaged in selling drugs.  The confidential informant had been successfully used by the police on previous occasions.  A controlled purchase occurred  at the residence in question, and the police thereafter asked for the issuance of a search warrant.  The state court judge issued a warrant for a no-knock nighttime search.  The officers used a battering ram and entered the premises.  The police found drugs as well as drug contraband.

**DISCUSSION**

*No-knock warrant*

The Fourth Amendment to the Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'"  *Wilson v. Arkansas*, 514 U.S. 927, 931 (1995) (citing the U.S. Const. amend. IV).  The reasonableness of a search may depend, in part, on whether law enforcement

2

officers knocked and announced their presence before entering.  The Supreme Court

stated:

> [W]e have little doubt that the Framers of the Fourth Amendment thought that the method of an officer's entry into a dwelling was among the factors to be considered in assessing the reasonableness of a search or seizure. . . . [W]e hold that in some circumstances an officer's unannounced entry into a home might be unreasonable under the Fourth Amendment.

*Id.* at 934.  The Fourth Amendment does under some circumstances permit no-knock

searches.  However, it requires that the searching officers justify "dispensing with the

knock-and-announce requirement."  *Richards v. Wisconsin*, 520 U.S. 385, 394 (1997).

> Police officers can justify a no-knock entry if they show they had a reasonable suspicion that knocking and announcing their presence under the particular circumstances would threaten officer safety, be futile, or inhibit the investigation of the crime.  *Id.* at 394.  This showing is "not high," but is one that the police must still make when the defendant challenges the reasonableness of a no-knock search.  *Id.* at 394-95.  Although drug investigations frequently pose unique threats to officer safety and the effective preservation of evidence, the Fourth Amendment forbids a blanket exception to the knock-and-announce requirement in drug cases.  *Id.* at 394.  *United States v. Moore*, 956 F.2d 843, 850 (8th Cir. 1992).  The government must still meet its not-high burden of showing that it had a reasonable suspicion that knocking and announcing would be "'dangerous or futile, or . . . would inhibit the effective investigation of the crime.'"  *Banks*, 540 U.S. at — (*quoting Richards*, 520 U.S. at 394, 117 S. Ct. 1416) (alteration in original).

*United States v. Scroggins*, 361 F.3d 1075, 1081 (8th Cir. 2004).

> The reasonable suspicion standard, of course, is lower than the probable cause standard.  When determining whether reasonable suspicion exists, courts must evaluate the totality of the circumstances to determine whether the police officers had a particularized and objective basis for their conclusion.  *United States v. Arvizu*, 534 U.S. 266, 273, 122 S. Ct. 744, 151 L. Ed.2d 740 (2002).  "This process allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them."  *Id.*

*Id.* at 1081.

The Eighth Circuit has further stated, "'the practice of allowing magistrates to issue no-knock warrants seems entirely reasonable when sufficient cause to do so can be demonstrated ahead of time.'" *Scroggins*, 361 F.3d at 1082 (citing *Richards v. Wisconsin*, 520 U.S. 385, 396 n.7 (1997)). It is clear that the officers asking for the warrant must justify their request for a no-knock warrant at the time it is presented to the state court judge. *Id.* at 1081. The State of Nebraska permits no-knock warrants to prevent the destruction of drugs. *United States v. Moore*, 956 F.2d 843, 848 (8th Cir. 1992); *State v. Meyer*, 311 N.W.2d 520, 524 (Neb. 1981); Neb. Rev. Stat. § 29-411. Nebraska permits a judge to issue a no-knock warrant on proof of destruction of property or danger to persons if notice of entry is given. Neb. Rev. Stat. § 29-411 (1995).

The initial question before the court is whether the issuing judge correctly determined that sufficient exigent circumstances had been alleged to justify the no-knock warrant. The court first finds that probable cause clearly existed for issuance of the warrant. A reliable informant gave credible information regarding sale and use by the defendant at the house to be searched. *See United States v. Pressley*, 978 F.2d 1026, 1027 (8th Cir. 1992). Further, the confidential informant had made a controlled buy for the police at the residence in question.

The court also concludes that a no-knock search warrant was justified. Under Nebraska law, the affidavit clearly reflected that the informant knew how methamphetamine was packaged for resale and that due to the small amounts being sold this evidence could easily be destroyed. The court finds the evidence to be sufficient under Nebraska law to allow the state court judge to issue the no-knock warrant.

Even if the court were to find otherwise, the *Leon* good faith exception would be applicable and the officers entitled to rely on this warrant. If the judge is wrong, the police

can rely on the good faith exception set forth in *United States v. Leon*, 468 U.S. 897 (1984); *United States v. Tisdale*, 195 F.3d 70, 72 (2nd Cir. 1999) ("[T]he issuance of a warrant with a no-knock provision potentially insulates the police against a subsequent finding that exigent circumstances, as defined in *Richards*, did not exist.") (cited in *Scroggins*, 361 F.3d at 1081). In general, an officer is entitled to rely on the warrant issuing judge unless the officer should know that the warrant is defective. *Id.* However, a bare-bones affidavit has been held to be deficient so as to not support the warrant, and thus, an officer's reliance on a deficient warrant will not be upheld. *United States v. Tavares*, 223 F.3d 911, 917 (8th Cir. 2000); *Leon*, 468 U.S. at 923. Based on the evidence cited herein, the court finds that the officers who executed the warrant could clearly have relied on it under *Leon.*

### Miranda warning

Defendant next contends that he did not receive sufficient *Miranda* warnings and hence his statements were not voluntary. *Miranda v. Arizona*, 384 U.S. 436 (1966). Thus, argues defendant, all statements and evidence against him should be excluded. It appears that the officers entered the residence with a battering ram. Thereafter, the officers read defendant his rights in English. The officers knew that defendant was of Cuban descent. However, at the suppression hearing, Officer Joseph Baudler testified that defendant was able to communicate in English. There were three interviews in total, and at the third interview defendant also received his rights in Spanish. Officer Baudler testified that these rights were given in Spanish so as to take away any potential defense that defendant did not understand his rights. (Tr. 25:24-25; 14:19-22.) Further, Officer Baudler did not believe that defendant was totally fluent in English, so he asked Officer Noonan to interview him in Spanish, simply as a precautionary measure. (Tr. 33:24-34:4.)

5

Officer Baudler testified that defendant seemed to understand the warnings and was able to communicate with him in English.  Defendant admitted to the officers that the methamphetamine belonged to him and that he had recently purchased it.  There is nothing in the record that would indicate to this court that the defendant did not understand his rights when given by the attending officers.  Based on the totality of the circumstances, the court concludes that the statements made by the defendant were voluntary.  *See Brown v. Mississippi*, 297 U.S. 278, 283 (1936); *Mincey v. Arizona,* 437 U.S. 385, 398-99 (1978).  Further, the court agrees with the magistrate that no evidence exists of any coercive behavior on the part of the police officers.  The court also agrees with the magistrate that there is evidence that the defendant spoke sufficient English to understand and respond to the questions posed to him.

Accordingly, the court will adopt the report and recommendation of the magistrate in its entirety.

THEREFORE, IT IS ORDERED:

1.      Defendant's motion to suppress, Filing No. 14, is denied;

2.      Defendant's objections to the report and recommendation, Filing No. 27, are overruled; and

3.      The report and recommendation of the magistrate, Filing No. 22, is adopted.

DATED this 8th day of June, 2005.

BY THE COURT:


s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge